| | |
|---|---|
| 1 | LAW OFFICES OF KENNETH LANCE HADDIX |
| | Kenneth Lance Haddix, Esq. (SBN 139459) |
| 2 | 12304 Santa Monica Blvd., Ste. 300 |
| | Los Angeles, CA 90025 |
| 3 | Tel. No. (310) 571-2320 |

Attorney for Defendant
Law Offices of Lance Haddix

FILED 2008 SEP 10 PM 12:56

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

AG (FFMx)

SHU PING CHAN,
      Plaintiff,

vs.

LAW OFFICES OF LANCE HADDIX,
      Defendant.

_____

KENNETH LANCE HADDIX,
      Counter-complainant,

vs.

RON HACKER; JENNIFER BUTKAY;
ROES 1 to 50, Inclusive,
      Counter-defendants.

CASE NO. CV07-05641 CAS (MANx)

**COUNTER COMPLAINT FOR DAMAGES**

Counter-Complainant, KENNETH LANCE HADDIX ("Haddix") complains of Counter-defendant RON HACKER and JENNIFER BUTKAY (hereinafter collectively referred to as "Counter-defendants") as follows:

1. This action is brought pursuant to the provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),. 18 U.S.C. § 1961 et seq. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1964.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the original action was removed to this Court.

3. Haddix, is an attorney licensed to practice in the State of California.

4. Defendants are operatives of the entity L & J Assets, a collection agency.

5. Haddix was formerly engaged by some of counter-defendants as an appearance attorney.

6. In the capacity as appearance attorney, Haddix merely attended court for the limited purpose of continuing a case or other such routine matters.

7. Counter-Defendant is a corporation, with a principal place of business at 1080 Century Park East, Century City, CA.

8. Counter-Defendant, Jennifer Butkay, Esq. upon information and belief, is an attorney licensed to practice law by the State of California.

9. Haddix had long since instructed Counter-Defendants to cease using his name for the furtherance of their interests, including the practice of law.

10. In clear contravention against Haddixs' specific instructions, Counter-Defendants continue the unauthorized practice of law using Haddix's name and forging his signature.

11. Counter-Defendants engaged others to perform legal services for them in the name of Haddix, including real estate matters and legal matters relating to the collection of debts, and legal matters relating to the foreclosure of real estate, as well as other wrongful debtor's remedies.

12. Haddix was unaware of Counter-Defendant's activity in this regard until he was sued for tort, as in this case, and brought before the California State Bar Association.

13. For at least the past year, and up unto the present time, counter-defendants, entered into a scheme or schemes to defraud plaintiff and others implicating Haddix, as more fully described below.

14. Counter-Defendants, in order to execute the scheme to defraud plaintiffs and others, wrongfully proceeded against them to collect debts using Haddix's name as attorney when in fact, no such relationship existed.

15. During the past year, counter-defendants, in order to execute the scheme implicating Haddix and to defraud plaintiffs, contacted and later sued plaintiffs and others in order to collect a

debt.

16. Haddix never saw the pleadings or loan documents, was not given copies, and to this day does not have copies of the documents nor does he know the contents of the documents or the proceedings conducted thereunder, other than what was discovered after these law suits and the State Bar proceedings brought against him.

17. Although some debtors were able to make some payments on their loans, counter-defendants continued to prosecute their claims, using the false relationship with Haddix and charged the debtors exorbitant fees, so that the plaintiffs and debtors remained unable to service their debts. Plaintiffs were repeatedly requested to cease their operation and release their claims but responded that they would not do so.

18. On many such occasions, counter-defendant's, in order to execute the scheme wrongfully proceeded against plaintiffs and others, placed in the United States mail notices and other such pleadings and documents and proceeded against the debtors.

19. Haddix and others have been driven to insolvency and stripped of almost all property by counter-defendants' actions.

20. Accordingly, counter-complainant and others have sustained actual damages in amount to be determined, but which plaintiffs believe to be not less than $100,000, exclusive of interests, costs and attorneys fees.

## COUNT 1

## VIOLATIONS OF 18 U.S.C. § 1961 et. seq.

## AGAINST ALL COUNTER-DEFENDANTS

21. In violation of 18 U.S.C. § 1962(b), counter-defendants, all persons within the meaning of RICO, wrongfully used, acquired or maintained, directly or indirectly, an interest in and use of the name of HADDIX and his Law Offices. The counter-defendants agreed and conspired to obtain direct and indirect control and use of the name of HADDIX and his Law Offices in order to perpetuate their wrongful scheme. The counter-defendants acted to accomplish this by applying

relentless financial pressure, and by abusing fiduciary relationships and extorting or coercing the payment of improper fees and costs, and by keeping plaintiffs and others in perpetual apprehension of foreclosure and financial ruin.

22. Counter-defendants are an enterprise engaged in and affecting interstate commerce by virtue or purchases of supplies from out-of-state suppliers and performance and transactions in obligations arising through interstate commerce.

23. The control was acquired through a pattern of racketeering activity. As set forth above, in furtherance of counter-defendants' scheme to acquire control over property of plaintiffs and others, defendants utilized the United States mails and the wires in violation of 18 U.S.C. §§ 1341, 1343. In addition, as set forth above, counter-defendants extorted valuable obligations as against counter-plaintiff, defendants in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 1961(1)(A), and as set forth above, counter-defendants obtained valuable obligations by wrongful representation and extortion in violation of 18 U.S.C.§ 1951. These mailings, use of the telephone, and acts of extortion, constitute a "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(1), (5).

24. The counter-defendants used their control of these wrongful operations for financial gain and to strip Haddix, plaintiffs and others of valuable assets and an attempt to use these proceedings for purposes of thwarting investigations of their scheme, as set forth above, and used the control to cause plaintiffs and others to repay debts no longer enforceable by use of the name of Haddix and his law offices.

## COUNT II

## VIOLATIONS OF 18 U.S.C. § 1962(a)

## AGAINST ALL COUNTER-DEFENDANTS

25. Counter-defendants and all persons within the meaning of RICO, formed an association in fact for the purpose of extorting money and security interests from plaintiffs for counter-defendants' own gain. The counter-defendants and each of them received income from the pattern of racketeering activity set forth below.

26. As set forth above, in furtherance of counter-defendants' scheme to defraud plaintiffs, counter-defendants utilized the United States mails and the wires in violation of 18 U.S.C. §§ 1341, 1343. In addition, counter-defendants extorted value from plaintiffs, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 1961(1)(A), counter defendants extorted value in violation of 18 U.S.C. § 1951. These mailings, use of the wires, and acts of extortion constitute "a pattern of racketeering activity" as defined in 18 U.S.C. § 1961(1),(5).

27. The counter-defendants used or invested, directly or indirectly, part or all of such income, or the proceeds of such income, in the establishment or operation of the association in fact to further the association's scheme to defraud plaintiffs and others of all valuable assets and property.

28. The activities of this association in fact affect interstate or foreign commerce in that the properties involved are marketed in interstate commerce and the businesses and enterprises involved are engaged in interstate commerce.

## COUNT III

## VIOLATIONS OF 18 U.S.C. § 1962(d)

## AGAINST ALL COUNTER-DEFENDANTS

29. In violation of 18 U.S.C. § 1962(d), counter-defendants and all persons as defined in RICO, conspired to violate 18 U.S.C. § 1962(b), to obtain or attempt to obtain, directly or indirectly, control over obligations of plaintiffs and others.

30. Counter-defendants are an enterprise engaged in and affecting interstate commerce by virtue of purchases of suppliers from out of state and performance of transactions in interstate commerce.

31. The conspiracy to obtain or attempt to obtain control was carried out through a pattern of racketeering activity. In furtherance of counter-defendants' scheme to acquire control over plaintiffs, counter-defendants utilized the United States mails, and the wires in violation of 18 U.S.C. §§ 1341, 1343. In addition, counter-defendants extorted valuable property in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 1961(1)(A). Counter-defendants obtained value from plaintiffs by extortion

in violation of 18 U.S.C. § 1951. These mailings, use of the telephone, and acts of extortion constitute a "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(1),(5).

32. The counter-defendants conspired to control or attempt to control plaintiffs and others for personal financial gain and to strip them of all valuable assets and for purposes of thwarting investigation of this activity, and to use the control to cause them to repay debts .

## COUNT IV
## COUNT FOR CONTRIBUTION AND INDEMNITY

33. The court has jurisdiction of this matter under 28 U.S.C. § 1367 (a) because it arises out of the same transactions and occurrences alleged in the plaintiff's complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

34. Counter-claimant Haddix is entitled to contribution toward or indemnity from counter-defendants. Any liability that may be found to exist regarding Haddix to plaintiff in this action is as a result of the occurrences made the basis of the plaintiff's suit.

35. The basis for contribution and indemnity is that the Hacker et. al. are wholly responsible or responsible in substantial part for the injuries or damages alleged by the plaintiff in the complaint.

36. The plaintiff alleges wrongful collection practices.

37. In this counterclaim, Haddix contends that the sole or, in the alternative, a substantial proximate cause of the plaintiff's injuries or damages was the conduct of Hacker, et. al. and not any act, failure to act, conduct, any other device of Haddix.

38. Therefore, under general principles and the rules of law governing this action, Haddix is entitled to indemnity, or in the alternative, to contribution from Hacker et. al. for his share of the responsibility for the injuries or damages to the plaintiff as determined by the trier of fact.

## PRAYER FOR RELIEF

The counter-complainant requests entry of judgment against counter-defendants, jointly and

severally, for the following:

1. A permanent injunction restraining the counter-defendants, their agents and representatives, from proceeding to collect any obligation in the name of Haddix and/or his Offices, as well as counter-defendants agents or representatives.

2. Actual damages in an amount to be determined but believed to be $100,000, trebled to $300,000 and reasonable attorney's fees and costs of this action.

3. In all Counts, such other and further relief as the Court considers proper and appropriate under the circumstances.

DATED: September 10, 2008

_____
**KENNETH LANCE HADDIX, Esq.**
Attorney for Defendant and Counter-Complainant

PROOF OF SERVICE
10113A(3) CCP Revised 5/1/88
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of Eighteen (18) years and not a party to the written entitled action; my business address is 12304 Santa Monica Blvd., Ste. 300, 2nd Floor, Los Angeles, CA 90025.

On September 10, 2008, I served the foregoing document described as COUNTER COMPLAINT FOR DAMAGES to all interested parties in this action:

[X] by placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope addressed as follows:

[X]   BY MAIL:

      Jeremy S. Golden, Esq.
      Law Offices of Eric F. Fagan
      2300 Boswell Rd., Ste.211
      Chula Vista, CA 91914

[X]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[X]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY PERSONAL SERVICE) I personally delivered such envelope by hand to the office of the addressee(s).

[X]   (STATE) I declare under penalty of perjury under the law of the State of California that the above is true and correct.

Executed on September 10, 2008, at Los Angeles, California.


    MAY S. LIRAG                                                             
Type or Print Name                                                Signature